**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*8:42 am, Apr 23, 2026*
**JEFFREY P. COLWELL, CLERK**

## UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

**Civil Action No. 1:26-cv-00465-DDD-NRN**

**PRINCE ATO NUNOO,**

 Plaintiff,

v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,**

 Defendants.

---

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, STAY OF AGENCY ACTION, AND PRELIMINARY INJUNCTION

*(5 U.S.C. § 705; Fed. R. Civ. P. 65)*

---

### JURISDICTION AND AUTHORITY

This Court has jurisdiction under 28 U.S.C. § 1331 and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 706. Venue is proper under 28 U.S.C. § 1391(e).

The Court is expressly authorized under 5 U.S.C. § 705 to postpone the effective date of agency action pending judicial review.

1

**INTRODUCTION**

Plaintiff seeks emergency relief to preserve the status quo pending judicial review of USCIS's denial of his Form I-130/I-485-based adjustment application.

This case presents a narrow but dispositive procedural question under the APA: whether USCIS may lawfully deem an application abandoned based on an interview notice issued minutes before the scheduled interview time, where the record shows no meaningful opportunity to appear.

The administrative record reflects that Plaintiff received conflicting USCIS notices, appeared in person at the field office to resolve the discrepancy, and while physically present received a portal-based interview notice at approximately 7:57 a.m. scheduling an 8:00 a.m. interview the same morning (Exhibit A). USCIS nonetheless denied the application as "abandoned."

The agency is now enforcing that determination through immediate collateral consequences, including termination of employment authorization, termination of advance parole, and a directive requiring Plaintiff to depart the United States within 33 days or face potential removal proceedings.

Plaintiff does not seek adjudication of the underlying immigration benefits at this stage. He seeks only to preserve the status quo so that the Court may review whether USCIS's abandonment determination is lawful under the APA.

**RELIEF REQUESTED**

Plaintiff respectfully requests that the Court:

1. Enter a Temporary Restraining Order enjoining enforcement of USCIS's April 16, 2026 decision;
2. Stay the effective date of the agency action under 5 U.S.C. § 705;
3. Enjoin Defendants from treating Plaintiff as unlawfully present or initiating removal proceedings based on the challenged decision;

4.  Preserve Plaintiff's eligibility to work and remain in the United States pending final resolution of this action; and

5.  Grant such further relief as the Court deems just and proper.

---

## STANDARD FOR EMERGENCY RELIEF

Plaintiff must show:

- likelihood of success on the merits,
- irreparable harm absent relief,
- that the balance of equities favors relief, and
- that relief is in the public interest.

---

## ARGUMENT

### I. Plaintiff Is Likely To Succeed on the Merits

USCIS relied on abandonment under 8 C.F.R. § 103.2(b)(13), which presupposes valid notice and a meaningful opportunity to appear.

The record defeats that predicate.

Plaintiff:

- had already completed the relevant family-based interview referenced by USCIS;
- received a conflicting mailed notice for a naturalization interview that did not correspond to any filed application;
- appeared in person at USCIS to resolve that discrepancy; and
- while physically present, received a portal notice at 7:57 a.m. scheduling an 8:00 a.m. interview the same morning.

3

A notice issued three minutes before the scheduled event is not a meaningful opportunity to appear. It is, as a practical matter, no notice at all.

Because abandonment depends on lawful notice and a real opportunity to comply, the agency's determination is likely arbitrary, capricious, and not in accordance with law under 5 U.S.C. § 706.

---

## II. Plaintiff Faces Immediate and Irreparable Harm

USCIS's decision imposes immediate legal consequences already in motion:

- Plaintiff is deemed unlawfully present;
- Plaintiff must depart within 33 days;
- Employment authorization will be revoked within 18 days;
- Advance parole has been terminated; and
- Plaintiff faces potential initiation of removal proceedings.

These are not speculative harms. They are present and time-bound legal consequences.

Loss of lawful status, employment authorization, and exposure to removal proceedings constitute irreparable harm because they cannot be fully remedied after the fact, even if Plaintiff ultimately prevails.

---

## III. The Balance of Equities Strongly Favors Relief

The requested relief is limited and procedural. Plaintiff does not seek approval of any immigration benefit. He seeks only preservation of the pre-denial status quo.

By contrast, absent relief, Plaintiff will suffer irreversible consequences—loss of employment authorization, termination of lawful presence protections, and exposure to removal proceedings—based on an agency action that is likely unlawful.

4

Maintaining the status quo imposes minimal administrative burden on Defendants while preventing disproportionate harm to Plaintiff.

---

**IV. The Public Interest Favors Relief**

The public interest is served when agencies comply with their own regulations and when severe immigration consequences are not imposed without meaningful notice and opportunity to respond.

Congress expressly authorized courts to pause agency action under 5 U.S.C. § 705 to prevent precisely this type of irreversible harm pending review.

Granting relief preserves administrative integrity without conferring any substantive immigration benefit.

---

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

- enter a Temporary Restraining Order,
- stay the agency action under 5 U.S.C. § 705, and
- preserve the status quo pending final adjudication.

---

**CERTIFICATE OF CONFERRAL**

Plaintiff certifies that he has made a good faith effort to confer with counsel for Defendants regarding the relief requested in this Emergency Motion.

As of the time of filing, Defendants have not entered an appearance in this matter, and Plaintiff has therefore been unable to confer with opposing counsel despite reasonable efforts.

Plaintiff will continue to provide prompt notice of filings to the U.S. Attorney's Office for the District of Colorado and remains available to confer regarding expedited briefing or other scheduling matters as the Court directs.

---

**CERTIFICATE OF SERVICE (ELECTRONIC / DOJ SERVICE)**

I hereby certify that on April 23, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered users, including counsel for the United States Attorney's Office for the District of Colorado and the Civil Division of the U.S. Department of Justice, Attorneys of Record for Defendants.

Additionally, because counsel for Defendants has not yet formally appeared, I have served a courtesy copy of this filing via email to the U.S. Attorney's Office for the District of Colorado Civil Division at its publicly listed litigation email address.

Dated: April 23, 2026

/s/ Prince Ato Nunoo
 Prince Ato Nunoo
 1880 Arapahoe Street, Apt. 3311
 Denver, CO 80202
 (954) 766-5717
 atonunoo@icloud.com

6