## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Chief Judge Daniel D. Domenico

Civil Action No. 1:26-cv-00465-DDD-NRN

PRINCE ATO NUNOO,

      Plaintiff,

v.

JOSEPH B. EDLOW, Director, U.S. Citizenship and Immigration Services, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity, and
FIELD OFFICE DIRECTOR, USCIS Denver Field Office, in their official capacity,

      Defendants.

---

### ORDER

---

Pro se Plaintiff Prince Ato Nunoo has moved for leave to file a second amended complaint and for an emergency restraining order, stay of agency action, and preliminary injunction. Docs. 15, 18. Defendants argue the Court lacks subject-matter jurisdiction and Mr. Nunoo lacks standing as to the motions, and the operative complaint is moot. Doc. 20. The motions are denied and this action is terminated as moot.

### LEGAL STANDARDS

### I. Pro Se Pleadings

Although "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)), I cannot be a pro se litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir.

- 1 -

2008). Pro se parties also must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

## II. Subject-Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[I]n every case, and at every stage of the proceeding," a federal court must "satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties." *Havens v. Colorado Dep't of Corr.*, 897 F.3d 1250, 1259 (10th Cir. 2018) (quoting *Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980)); *Wilderness Soc. v. Kane Cnty.*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring) ("[F]ederal courts are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction."). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

## BACKGROUND

Noncitizen Mr. Nunoo initiated this action on February 6, 2026 against the Director of U.S. Citizenship and Immigration Services ("USCIS"), the Secretary of the U.S. Department of Homeland Security, and the Field Office Director of the USCIS Denver Field Office. Doc. 1. He alleged Defendants unreasonably delayed in adjudicating his Form I-485, Application to Register Permanent Residence or Adjust Status,

under the Administrative Procedure Act and sought an order compelling Defendants to adjudicate it within a reasonable period of time. *Id.* On February 11, Mr. Nunoo filed an amended complaint requesting the same relief. Doc. 6.

On April 17, Mr. Nunoo moved for leave to file a second amended complaint stating USCIS had adjudicated the Form I-485 and a related Form I-130 the day before. Doc. 15 at 1. Contrary to his assertions, the prior complaints did not address the latter. *Compare id., with* Docs. 1, 6. He argued "[t]hese post-filing agency actions materially changed the posture of this case, rendering the original mandamus claim largely moot and necessitating amendment to seek judicial review of final agency action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706." Doc. 15 at 1–2. The proposed complaint requests the Court (1) declare the April 16 denials of the Forms I-130 and I-485 arbitrary, capricious, or otherwise not in accordance with law; (2) set aside the denials under the Administrative Procedure Act and remand the matter to USCIS for reconsideration on a complete administrative record; (3) order the production of the complete certified administrative record; and (4) enjoin Defendants from taking adverse immigration consequences based on the challenged denials pending final resolution of the action. Doc. 15-1.

On April 23, Mr. Nunoo filed an emergency motion for temporary restraining order, stay of agency action, and preliminary injunction "to preserve the status quo pending judicial review of USCIS's denial of his Form I-130/I-485-based adjustment application." Doc. 18 at 2. It seeks (1) a temporary restraining order enjoining enforcement of USCIS's April 16 decision; (2) a stay of the effective date of the agency action under the Administrative Procedure Act; (3) an injunction against Defendants from treating him as unlawfully present or initiating removal

proceedings based on the challenged decision; and (4) preservation of his eligibility to work and remain in the United States pending final resolution of this action. *Id.* at 2–3. The motion attaches the agency's April 16 notice of decision which (1) denies his Form I-485 application, (2) cautions he is not authorized to remain in the United States and if he does not leave within 33 days (May 19), USCIS may being removal proceedings, and (3) notifies that any unexpired employment authorization based upon the denied Form I-485 is revoked as of eighteen days from the date of this notice, unless within eighteen days (May 4) he submits proof that his Form I-485 remains pending. Doc. 18-4 at 1–2.

## DISCUSSION

Defendants argue the Immigration and Nationality Act bars this Court from reviewing the agency's denial of Mr. Nunoo's Form I-485 and he lacks standing as to the Form I-130, requiring dismissal of the motions. They also dispute the agency's Form I-485 denial moots the operative complaint. I agree.

### I. Jurisdiction

Under the Administrative Procedure Act, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The Act, however, does not apply when "statutes preclude judicial review." 5 U.S.C. § 70(a)(1). The Immigration and Nationality Act precludes this Court's review of USCIS's denials of Form I-485 applications for adjustment of status under 8 U.S.C. § 1255(a).

The Immigration and Nationality Act allows USCIS to adjust, at its discretion, certain noncitizens who have been admitted or paroled into the United States to lawful permanent resident status "if (1) the alien

makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a).[1] The Act precludes judicial review of decisions relating to an adjustment of status under Section 1255:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and *regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review*—
>
> (i) *any* judgment *regarding* the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or *1255* of this title, or
>
> (ii) *any other decision* or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be *in the discretion of the Attorney General* or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

---

[1] Although Section 1255(a) references the Attorney General as the deciding official, the Attorney General, the Secretary of Homeland Security, and, depending on the circumstances, the Secretary's delegate, USCIS, share the authority to adjudicate Form I-485s. *See* 6 U.S.C. § 271(b); 6 U.S.C. § 557; 8 U.S.C. § 1103(a), (g).

8 U.S.C. § 1252(a)(2)(B) (emphasis added). The plain language of each subsection strips this Court of jurisdiction over the agency's denials of Section 1255 applications for adjustment of status.[2]

The Supreme Court recently held "§ 1252(a)(2)(B)(i) encompasses not just 'the granting of relief' but also any judgment *relating* to the granting of relief" and "[t]hat plainly includes factual findings." *Patel v. Garland*, 596 U.S. 328, 338–39 (2022) (emphasis in original) ("As this Court has 'repeatedly explained,' 'the word 'any' has an expansive meaning.' . . . . Similarly, the use of 'regarding' 'in a legal context generally has a broadening effect . . . .'" (internal citations omitted)). The case involved removal proceedings, and the Court clarified it was not deciding the reviewability of USCIS denials of discretionary relief outside the removal process. *Id.* at 344–45. Still, it acknowledged that its interpretation may result in "precluding all review of USCIS denials of discretionary relief" subject to subparagraph D and "it would be difficult to maintain that this consequence conflicts with the statutory structure." *Id.* at 345–46.

"[A]t least six Circuit Courts of Appeal have determined that the *Patel* decision bars review of the USCIS's adjustment decisions outside of the removal context." *Ramirez v. United States Citizenship & Immigr. Servs.*, No. 24-cv-4093-EFM-ADM, 2025 WL 1180370, at *6 (D. Kan. Apr. 23, 2025) (collecting cases from the First, Fifth, Sixth, Seventh, Eleventh, and D.C. Circuits; "Because Plaintiffs' Amended Complaint challenges the USCIS's denial of Ramirez's Form I-485 adjustment application and the rationale behind the denial decision, the Court lacks jurisdiction."). Since *Patel*, many district courts have also "found that

---

[2] Subparagraph D allows judicial "review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate *court of appeals* in accordance with this section." 8 U.S.C. § 1252(a)(2)(D) (emphasis added). Because this Court is not a court of appeals, the exception does not apply.

they lack jurisdiction to review USCIS's denials of plaintiffs' § 1255 applications for adjustment of status, outside of the removal context." *Moncada v. Mayorkas*, No. 20-cv-11561-MPK, 2023 WL 6174422, at \*9 (D. Mass. Aug. 11, 2023) (collecting district court cases); *see also Sharvit v. Noem*, No. 1:24-cv-23987-PCH, 2025 WL 1568255, at \*2 (S.D. Fla. Mar. 6, 2025) ("Congress clearly stripped the courts of jurisdiction to review 'any judgment' USCIS makes pursuant to 8 U.S.C. § 1255, which includes the denial of an I-485. The Supreme Court has further instructed that 'any judgment' is construed broadly, thereby encompassing so-called 'automatic' denials of an I-485." (citing *Patel*, 596 U.S. at 337–38)).

Indeed, this is consistent with Section 1252(a)(2)(B)'s plain language: "*regardless of whether the judgment, decision, or action is made in removal proceedings*, no court shall have jurisdiction to review—(i) any judgment regarding the granting of relief under section . . . 1255 of this title." (emphasis added)); *accord Abuzeid v. Mayorkas*, 62 F.4th 578, 585 (D.C. Cir. 2023) ("We recognize that our interpretation of § 1252(a)(2)(B)(i) leaves no path for judicial review of denials of adjustment of status by USCIS. That result is dictated by the plain meaning of the statute and by the reasoning of *Patel*. The only remaining avenue for relief from a denial of adjustment of status is provided by § 1252(a)(2)(D) . . . ."); *Chaudhari v. Mayorkas*, No. 2:22-cv-00047-RJS-CMR, 2023 WL 1822000, at \*7 (D. Utah Feb. 8, 2023) ("It would be hard to reconcile any other outcome with § 1252(a)(2)(B)'s language establishing that the statutory bar applies "regardless of whether the judgment, decision, or action is made in removal proceedings.").

Subsection 1252(a)(2)(B)(ii) also bars judicial review of a denial of an adjustment of status application under Section 1255(a) because the statute specifies that decision is "in the discretion of the Attorney General."

*Compare* 8 U.S.C. § 1252(a)(2)(B)(ii) (barring judicial review of "any other decision or action of the Attorney General . . . for which is specified under this subchapter to be in the discretion of the Attorney General. . . ."), *with* 8 U.S.C. § 1255(a) ("The status . . . may be adjusted by the Attorney General, in his discretion. . . ."); *accord Djong v. Mayorkas*, No. 24-cv-00475-CNS, 2024 WL 5089985, at *1 (D. Colo. Dec. 12, 2024) (holding Section 1252(a)(2)(B)(ii) bars plaintiff's challenge of USCIS's denial of I-485 Form to adjust immigration status to lawful permanent resident under 8 U.S.C. § 1255(a) because "[t]he decision whether to grant or deny an application for adjustment of status is clearly within the discretion of the Attorney General").

The Court lacks jurisdiction over the relief Mr. Nunoo requests in his emergency motion and the claims in the proposed second amended complaint regarding the agency's denial of his I-485 application.

## II. Standing

Mr. Nunoo's reply in support of his motions does not respond to Defendants' standing argument, thus failing to meet his burden to establish jurisdiction and forfeiting the issue. Doc. 21; *Radil*, 384 F.3d at 1224 ("The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."); *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (internal citation omitted)). Even if not forfeited, to the extent Mr. Nunoo's emergency seeks relief and proposed second amended complaint brings claims regarding the Form I-130, he lacks standing.

Article III of the United States Constitution limits the jurisdiction of the federal courts to actual cases or controversies. U.S. CONST. art. III, § 2, cl. 1. "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330,

338 (2016), *as revised* (May 24, 2016). The Supreme Court "has long held that a person suing under the [Administrative Procedure Act] must satisfy not only Article III's standing requirements, but an additional" prudential standing test: "The interest he asserts must be 'arguably within the zone of interests to be protected or regulated by the statute' that he says was violated." *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 224 (2012).

A citizen family member files a Form I-130 petition on behalf of their noncitizen relative. *See* 8 U.S.C. § 1154(a)(1)(A)(i)–(ii); *Lara-Esperanza v. Mayorkas*, 2023 WL 7003418, at *1. The regulation governing administrative appeals within USCIS provides that "[w]hen an unfavorable decision may be appealed," only the "affected party" may bring the appeal. 8 CFR § 103.3. The "affected party" is "the person or entity with legal standing in a proceeding. It does not include the beneficiary of a visa petition." 8 CFR § 103.3(iii)(B).

Courts have dismissed beneficiaries seeking judicial review of a Form I-130 for lack of standing under 8 CFR § 103.3(iii)(B). *See, e.g.*, *Li v. Renaud*, 709 F. Supp. 2d 230, 236 n.3 (S.D.N.Y. 2010), *aff'd*, 654 F.3d 376 (2d Cir. 2011); *Echevarria v. Keisler*, 505 F.3d 16, 20 (1st Cir. 2007); *Abdulraman v. Whitaker*, No. 17-0842-cv-WBP, 2019 WL 9784647, at *1 n.3 (W.D. Mo. Jan. 14, 2019); *Desmore v. Dep't of Homeland Sec.*, No. CV G-14-191, 2016 WL 561176, at *4 (S.D. Tex. Feb. 12, 2016); *Islamic & Educ. Ctr. Ezan of Greater Des Moines v. Napolitano*, 826 F. Supp. 2d 1122, 1126 (S.D. Iowa 2011); *Yan Won Liao v. Holder*, 691 F. Supp. 2d 344, 351 (E.D.N.Y. 2010); *see also Elshayala v. Wilkinson*, 835 F. App'x 693, 694 (4th Cir. 2021) ("If the USCIS denies the current I-130 petition filed by Elshayala's wife, she may then seek administrative and/or judicial review of that decision." (citing *Echevarria*, 505 F.3d at 18)). Others have used this as a basis for finding beneficiaries of immigration

petitions are not within the "zone of interest" and thus lack prudential standing. *See, e.g.*, *Ebem v. Bondi*, No. 1:24-cv-00148-H-BU, 2025 WL 2816794, at \*6 (N.D. Tex. Aug. 5, 2025) (because beneficiaries can neither file nor appeal the petition under 8 CFR § 103.3(iii)(B)), *report and recommendation adopted*, No. 1:24-cv-148-H-BU, 2025 WL 2642207 (N.D. Tex. Sept. 15, 2025); *Vemuri v. Napolitano*, 845 F. Supp. 2d 125, 134 (D.D.C. 2012) (no prudential standing because their "interests run contrary to the purpose of the relevant statutory provisions").

## III.    Mootness

Mr. Nunoo's operative complaint is moot. "[M]ootness is an issue of subject matter jurisdiction, it can be raised at any stage of the proceedings." *Ind v. Colorado Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015) (internal citation omitted). Article III's live case or controversy "requirement exists at all stages of federal judicial proceedings, and it is therefore not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome." *Id.* (internal citation omitted). An issue becomes moot when it is "no longer live or the parties lack a legally cognizable interest in the outcome." *City of Herriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)).

As he concedes, the agency's adjudication of his Form I-485 moots Mr. Nunoo's pending claims. Doc. 15 at 1–2. Because the agency adjudicated the form, the relief requested in the operative complaint—a declaration of unreasonable delay in the adjudication for the form and an order compelling the form's adjudication—are no longer live issues. Doc. 6 at 6. The complaint is moot. Doc. 6.

## CONCLUSION

It is **ORDERED** that:

Plaintiff's Emergency Motion for Temporary Restraining Order, Stay of Agency Action, and Preliminary Injunction, **Doc. 18**, is **DENIED**;

Plaintiff's Motion for Leave to File Second Amended Complaint, **Doc. 15**, is **DENIED**;

All claims against Defendants are **MOOT**; and

The Clerk of Court is directed to **TERMINATE** this case.

DATED: April 29, 2026          BY THE COURT:

Daniel D. Domenico
Chief United States District Judge